# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

| | | |
|---|---|---|
| **KEVIN WHITTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **JAVITCH BLOCK LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Kevin Whitter ("Plaintiff"), and his attorney, William M. Kaludis, Esq, for his Complaint against the Defendant, Javitch Block LLC ("Defendant").

## I. PRELIMINARY STATEMENT

This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant, in its illegal efforts to collect consumer debts.

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k (d).

2. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## III. PARTIES

3. Plaintiff, Kevin Whitter ("Plaintiff"), is a natural person who resides in Lake County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Javitch Block LLC ("Defendant"), is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit Limited Liability Company organized in Ohio,

with a principal place of business located at 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-2521, and may be served through its agent for service of process at Registered Agents Solutions Inc., 8992 Davidson Drive, Suite B, Nashville TN 37205-1051.

## IV. BACKGROUND ON FDCPA

5. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, provides for specific consumer rights, and defines abuse. 15 U.S.C. § 1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices. In particular, the FDCPA enumerates practices that are forbidden for debt collectors to take. The gist of the FDCPA lies in three main prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Third, and finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply stated, this Act was designed to protect consumers from debt collectors using unscrupulous tactics. Regardless as to whether a valid debt exists, the FDCPA prohibits unfair, unconscionable, and coercive collection methods, actions or conduct that harass, oppress, or

abuse any debtor, and to shield consumers from false, deceptive, or misleading statements in connection with the collection of a debt.

## V. <u>FACTUAL ALLEGATIONS</u>

6. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Citgo credit card debt allegedly originally owed to or serviced by Synchrony Bank ("Synchrony").

7. After alleged default, the debt was transferred to Defendant for collection from Plaintiff. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

### *Collection Lawsuit*

8. On December 18, 2019, Defendant filed a Civil Warrant with an Affidavit of Sworn Account against Plaintiff in General Sessions Court of Jefferson County.

9. The Civil Summons and sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

10. Defendant filed the collection lawsuit seeking to collect in the Civil Summons for: Deficiency balance due and owing on a sworn contract account in the principal amount of $2,117.48 plus post-judgment interest and court costs.

### *Filing Collection Lawsuits in an Improper Venue*

11. At the commencement of the collection lawsuit, Plaintiff resided in Lake County.

The Civil Summons was filed in Jefferson County and served to the Plaintiff in Lake County. The Civil Summons lists an address for Plaintiff in Lake County at 1024 Church Street, Tiptonville TN 38079-1221.

12. The underlying contract with the original creditor was signed in Lake County, Tennessee.

13. Plaintiff did not sign the contract, on which the Defendant allegedly relied to file the collection lawsuit, in Jefferson County, Tennessee, and did not reside in Jefferson County, Tennessee at the time of filing the lawsuit.

14. The filing of the State court collection lawsuit in Jefferson County, Tennessee, by the Defendant was a violation by bringing any legal action in a location other than where the contract was signed or where the consumer resides as defined in 15 U.S.C. § 1692i(a)(2).

15. Plaintiff's counsel discovered the error and notified Defendant's counsel who subsequently dismissed the lawsuit in Jefferson County without prejudice.

*Summary*

16. The above-detailed conduct by Defendant in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of provision of the FDCPA including, but not limited to the above-cited provision of the FDCPA.

**TRIAL BY JURY**

17. Plaintiff is entitled to and hereby respectfully demand a trial by jury.  U.S. Const. amend. 7;  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNTS I - IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)

18. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### COUNTS I - IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2)

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for each Plaintiff, in an amount to be determined at trial by a jury;

2. For an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for each Plaintiff; and

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

Dated:  December 17, 2020     Respectfully submitted on behalf of:

**KEVIN WHITTER**

*/s/ William M. Kaludis*
William M. Kaludis
SHIELD LAW GROUP
BPR #017433
5115 Maryland Way, Suite 911
Brentwood TN 37027
Phone: (615) 742-8020
Fax: (615) 920-5988
bill@shieldlawgroup.com